# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-871V
Originally Filed: November 9, 2022
Filed in Redacted Form: July 27, 2023
UNPUBLISHED

| | |
|---|---|
| H.D.,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Special Master Horner<br><br>Petitioner's Motion for Decision Dismissing Petition; Human Papillomavirus (HPV) vaccine; Meningococcal vaccine; Hepatitis A vaccine; chronic fatigue syndrome, fibromyalgia. |

*Robert J. Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner.
*Kyle E. Pozza*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On June 13, 2019, petitioner filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that she suffered chronic fatigue syndrome, fibromyalgia, joint pain, rash, pharyngeal swelling, sore throat, amenorrhea, abdominal pain, Behçet's disease, headache, tachycardia, seizure disorder as a result of the human papillomavirus ("HPV"), hepatitis A, and meningococcal vaccinations she received on June 15, 2016. (ECF No. 1.) On September 14, 2021, respondent filed his Rule 4 report, recommending against compensation. (ECF No. 71.) Petitioner was ordered to file an expert report but after multiple motions for extensions of time, petitioner filed a status report indicating her intent to move to dismiss her petition and file a civil action. (ECF No. 78.)

On November 7, 2022, petitioner filed a Motion for a Decision Dismissing her Petition. (ECF No. 80.) Petitioner indicated that a "review of the case law and an investigation of the facts and circumstances of her case have demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the

---

[1] When this decision was originally filed the undersigned advised his intent to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner filed a timely motion to redact certain information. This decision is being reissued with petitioner's name reduced to initials. Except for those changes and this footnote, no other substantive changes have been made. This decision will be posted on the court's website with no further opportunity to move for redaction.

Vaccine Program" and that "to proceed further would be unreasonable and waste the resources of the Court, the Respondent, and the Vaccine Program."  (*Id.* at 2.)  Petitioner maintained her "firm belief" that the HPV vaccine caused her alleged injuries and indicated her intent to bring a civil action against the vaccine manufacturer.  (*Id.* at 1.)  She stated that she "understands that the dismissal of her [Vaccine Program] claim . . . will not be admissible in her civil action against the manufacturer of the HPV vaccine."  (*Id.* at 2 (citing 42 U.S.C. § 300aa-23(e)).)  Petitioner further stated that she understands "that a decision by the . . . Special Master dismissing the Petition will result in a judgment against [her]" and that she "has been advised that such a judgment will end [her] rights in the [Vaccine Program]."  (*Id.* at 3.)  She noted that she intends to exercise her statutory right to reject the judgment against her and protect her right to file a civil action.  (*Id.*)

To receive compensation in the Vaccine Program, petitioner must prove either (1) that she suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that she suffered an injury that was actually caused by a covered vaccine.  See §§ 13(a)(1)(A) and 11(c)(1).  To satisfy her burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion.  Based on my review, petitioner's medical records do not support her allegations by a preponderance of the evidence and she did not file a medical opinion from an expert in support of her allegations.  Accordingly, the undersigned **GRANTS** petitioner's Motion for Decision Dismissing Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

## CONCLUSION

This case is now **DISMISSED**.  The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.