# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-871V
Filed: July 21, 2023

| | |
|---|---|
| H.D.,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Special Master Horner |

*Robert Joel Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner.
*Voris Johnson*, U.S. Department of Justice, Washington, DC, for respondent.

## ORDER ON MOTION TO REDACT [1]

On July 13, 2015, petitioner initiated this action by filing a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012). On September 14, 2021, respondent filed a Rule 4 report, recommending against compensation. (ECF No. 71). Petitioner filed a Motion for a Decision Dismissing her Petition on November 7, 2022. (ECF No. 80). On November 9, 2022, a brief decision issued dismissing the petition. (ECF No. 81.) Petitioner now moves to redact that decision. For the reasons discussed below, petitioner's motion is **GRANTED.**

### I. Legal Standard

Vaccine Rule 18(b) effectuates the opportunity for objection contemplated by Section 12(d)(4) of the Vaccine Act, which provides in relevant part that "[a] decision of

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

1

a special master or the court in a proceeding shall be disclosed, except that if the decision is to include information…(ii) which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy, and if the person who submitted such information objects to such information in the decision, the decision shall be disclosed without such information." § 300-aa-12(d)(4)(B). The U.S. Court of Appeals for the Federal Circuit has not had occasion to interpret this section of the Vaccine Act. There are, instead, two competing methods of interpretation endorsed by different decisions in the lower courts. *See Langland v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011); *W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440 (2011).

In *Langland*, the Chief Special Master examined a redaction request pursuant to Section 12(d)(4)(B) in the context of the common law traditions regarding redaction and public access, the E-Government Act, and other provisions of the Vaccine Act favoring public disclosure. 2011 WL 802695, at *6-8. The Chief Special Master concluded that "the party seeking to seal a document faces a burden to show particularized harm outweighing the public interest in disclosure. This common law background informs the correct construction of the language in section 12(d)(4)(B)(ii), and militates against routine redaction of all sensitive medical information from special masters' decisions." *Id.* At *8. Upon review of the redaction request at issue, the Chief Special Master concluded that the request was unsupported and only a redaction of the petitioner's minor child's name to initials and redaction of the child's birthdate was appropriate. *Id.* At *11.

However, the Chief Special Master also observed that:

> One may readily conceive of medical information in a vaccine case that might be redacted by a special master, upon receiving a proper motion in accordance with Vaccine Rule 18(b), as meeting the 'clearly unwarranted' criterion. Facts involving sexual misconduct or dysfunction, family medical history not pertinent to the vaccinee's claim, unrelated mental illness, or medical conditions inherently likely to bring opprobrium upon the sufferer, might well be redacted upon a proper motion. Such redaction decisions can only be reached on a case-by-case basis.

*Id.* at *9.

Subsequently, in *W.C.*, the Court of Federal Claims reviewed a redaction request in the context of the Freedom of Information Act (FOIA), which the court observed to employ language similar to Section 12(d)(4)(B) of the Vaccine Act. 100 Fed. Cl. 440. The court focused on the idea that petitioner's request "must be weighed against the government's interest in public disclosure." *Id.* at 460-61. Focusing specifically on the identity of the petitioner, the court observed that it is the petitioner's medical history and

adverse vaccine reaction, and not petitioner's own specific identity, that the public has an interest in seeing disclosed. *Id.*

*W.C.* has been interpreted as providing a more lenient standard for redaction as compared to *Langland. See, e.g., K.L. v. Sec'y of Health & Human Servs.*, 123 Fed. Cl. 497, 507 (2015) (noting that the Special Master below "argued that even when a Special Master follows the lenient standard for redaction set forth in *W.C.*, requests for redaction have been denied because they failed to substantiate the basis for the request"). Nonetheless, special masters do not abuse their discretion by requiring petitioners to affirmatively demonstrate that redaction is justified regardless of which approach is preferred. *Id.* at 507-08 (finding that the special master's requirement that petitioner provide "sufficient cause to justify redaction" is not contrary to the Vaccine Act or prior precedent and explaining that "[e]ach Special Master must review every case and exercise his or her discretion, given the specific facts presented in that particular case.")

Some petitioners move for redaction of their case captions to initials based on concerns about present and future employment relationships and opportunities. For example, in *Kelly v. Sec'y of Health and Human Servs.*, petitioner expressed concerns about his relationship with his current employer and future opportunities due to being in a "sensitive" profession that relies on the public's trust. No. 16-1548V, Slip op. (Fed. Cl. Spec. Mstr. Feb. 16, 2023)[2]. I denied his motion to redact after finding no professional connection to vaccines specifically and no inflammatory or unusual allegations in the petition. I concluded that "blanket fear" regarding association with the program does not justify redaction and further indicated that "it is not the undersigned's role to become involved in the ordinary management of petitioner's online presence." *Id*. at 5.

However, I also previously found that redaction to initials was justified based on future employment concerns when other facts were also present. Namely, the petitioner's identity had initially been protected because she was a minor at the time of filing and the nature of the condition itself (narcolepsy) and her early life stage appeared especially likely to hamper future prospects. *A.T. v. Sec'y of Health & Human Servs.*, No. 16-393V, 2022 WL 819583 at *2 (Fed. Cl. Spec. Mstr. Jan. 13, 2022). *See also C.F. v. Sec'y of Health and Human Servs.,* No. 15-731V, 2023 WL 2583513 (Fed. Cl. Spec. Mstr. Feb. 24, 2023) (granting motion to redact based on similarity to *A.T.* as well as discussion within the decision of mental health care).

Other Special Masters have been willing to grant motions to redact where a petitioner expressed concern that disclosure of their medical information would lead to fewer opportunities for career growth due to perceived health limitations that would otherwise remain private. *See E.M.* v. Sec'y *of Health and Human Servs.*, No. 14-753V,

---

[2] https://www.govinfo.gov/content/pkg/USCOURTS-cofc-1_16-vv-01548/pdf/USCOURTS-cofc-1_16-vv-01548-1.pdf

2021 WL 3702229 (Fed. Cl. Spec. Mstr. Aug. 6, 2021); *A.F. v. Sec'y of Health and Human Servs.*, No. 19-0446V, 2023 WL 2387810 (Fed. Cl. Spec. Mstr. Mar. 7, 2023).

## II.     Party Contentions

In her motion, petitioner stresses the above-discussed *W.C.* standard for redaction as well as *E.M. v. Secretary of Health and Human Services* which highlights prior decisions granting redaction based on a potential adverse impact on employment. *E.M. v. Sec'y of Health and Human Services.,* No. 14-753V, 2021 WL 3702229, at *2. Petitioner contends that disclosure of the medical information in the decision would be "harmful to her education, her current employment, her anticipated career, and her emotional state." (ECF 82, p. 3.)  Petitioner fears she will experience employment discrimination if her medical history is disclosed.  (Ex. 61 at 5.) She manages many challenging symptoms daily, including fatiguing illnesses, and worries the disclosure of these illnesses will "make it impossible" to advance in her fast-paced political career due to discrimination.  (Ex. 61 at 4.)  Petitioner works "extremely hard" and wishes to keep her medical history private to avoid damaging her career.  (Ex. 61 at 3.)  Petitioner is also concerned that individuals in the workplace will form "unfair judgments" about her if she is linked to the decision due to the "controversy surrounding vaccine injuries."  (Ex. 61 at 2-3.)  She contends this would expose her to public ridicule and bullying because the Gardasil vaccine is the "subject of heated controversy."  (Ex. 61 at 7.)

Respondent did not file a response.

## III.     Discussion

In this case petitioner's explanation reasonably supports her redaction request and respondent has offered no competing view of the relevant considerations. Moreover, consistent with *W.C.*, the requested redaction (only the caption) will not interfere with disclosure of the medical information underlying the dismissal decision. Petitioner indicates that she works in a challenging, fast-paced field that requires her to work "extremely hard" and this is likely to be viewed as incompatible with the types of fatiguing illness she has alleged.  (Ex. 61 at 3.)  I have previously held that concerns about employment can justify redaction in some circumstances, especially when the nature of the illness is germane.  *See A.T.* No. 16-393V, 2022 WL 819583 (Fed. Cl. Spec. Mstr. Jan. 13, 2022) *(*granting redaction where petitioner, *inter alia*, persuasively explained that "given her age, life stage, and the nature of her medical condition at issue, disclosure of her condition is especially likely to hamper her future prospects.") Although the details of petitioner's medical history are not discussed in the decision dismissing the case, the decision identifies conditions that are obviously fatiguing and generally chronic.

I do stress that petitioner's argument that her association with the program could hinder her career is, alone, not enough to justify redaction.  Redaction is not appropriate

where petitioner requests redaction on the grounds that mere association with the program will adversely impact their career and relationships.  *Compare E.M. v. Sec'y of Health and Human Servs.*, No. 14-753V, 2021 WL 3702229 (Fed. Cl. Spec. Mstr. Aug. 6, 2021) (granting redaction where petitioner expresses concern public disclosure of medical condition would affect her ability to retain clients given the "rigorous" demands of her position) *with Kelly v. Sec'y of Health and Human Servs.,* No. 16-1548V, Slip op. (Fed. Cl. Spec. Mstr. Feb. 16, 2023) (denying redaction where petitioner has a "sensitive" profession that could be impacted by his association with the program). Furthermore, "it is not the undersigned's role to become involved in the ordinary management of petitioner's online presence."  *Kelly*, No. 16-1548V, at 5.

Accordingly, petitioner's motion is **GRANTED**. All references to petitioner's name in the caption of the November, 9, 2022 decision will be redacted. Additionally, the Clerk of the Court is hereby instructed to change the caption of this case to the caption above.

**IT IS SO ORDERED.**

<u>**s/Daniel T. Horner**</u>
Daniel T. Horner
Special Master

5